ST. LOUIS BREWING ASS'N v. HAYES et al.

(Circuit Court of Appeals, Fifth Circuit. December 3, 1895.)

No. 389.

PRINCIPAL AND SURETY—RELEASE OF SURETY—MODIFICATION OF CONTRACT.

Plaintiff entered into a contract with one H. to sell him beer, from time to time, during a year, at a fixed price, to be paid on receipt of bills of lading; and B., S., and K. executed a bond to plaintiff, conditioned for the prompt payment by H., in the ordinary course of business, of the amounts due under the contract. During the period covered by the contract, plaintiff wrote to H., requesting him to order as much beer as possible during the current month, in order to take advantage of a specially low rate of freight, and saying to him that he need not pay for the beer so ordered ahead as provided in the contract. *Held*, that such letter was not a new contract between plaintiff and H., and did not operate wholly to release the sureties from their obligation on the bond, but only so far as related to shipments of beer ordered in advance in accordance with the letter.

In Error to the Circuit Court of the United States for the Eastern District of Texas.

Geo. E. Mann, for plaintiff in error.

Edgar Watkins, for defendants in error.

Before PARDEE and McCORMICK, Circuit Judges, and BOARMAN, District Judge.

BOARMAN, District Judge. This suit comes here on a writ of error from the circuit court for the Eastern district of Texas. In that court the St. Louis Brewing Association instituted its suit against George Hayes to recover a balance of $5,188.96 due and unpaid by said Hayes on an open account for beer furnished him under a written contract and bond executed in accordance with said agreement, and against the codefendants, N. Bohn, George Schwoebel, and H. C. Kerst, sureties on the said bond, to hold them liable up to the amount of the bond, $2,500, for the failure of George Hayes to pay the balance due on said account. The judgment was against Hayes for the balance due, and the sureties were released from all liability on the bond, and the plaintiff company is now the appellant. The written agreement shows, substantially, that it was obligatory on plaintiffs to furnish their beer to George Hayes, at a fixed price, f. o. b. at St. Louis, to be paid for on receipt of bill of lading, and that Hayes should be their agent for one year, beginning November 18, 1893, exclusively, to handle and sell their beer in the county and city of Galveston, Tex., and that Hayes was to furnish bond for $2,500, signed by two responsible sureties. The conditions of the bond are as follows:·

"* * * The said Hayes shall pay, or cause to be paid, to the said St. Louis Brewing Association, Klaussman Brewery Branch, or to its agents or officers, any and all sums of money that may be or become due to said St. Louis Brewing Association, Klaussman Brewery Branch, by said Hayes, on account of such shipments of beer made to him or to his order during said time,—that is to say, from November 18th, 1893, to November 18th, 1894; all of said payments by said Hayes to be made promptly, in the ordinary course of business, and within said dates last mentioned. * * *"

The transcript shows all the evidence offered by either side on the trial. The plaintiff, in support of its case, relied upon the contract and bond, supplemented by the verified itemized account, showing an unpaid balance against Hayes of $5,188.96. This account shows that the first shipment of beer was charged for November 18, 1893, and other shipments were made in each month thereafter until July 31, A. D. 1894, and that the first payment was made December 6, 1893. It appears that Hayes made payments irregularly, and not promptly, on receipt of bill of lading, in each month, until July 2, 1894. After the last payment, two shipments were made. The defendant Hayes, for himself, in his answer, demurred, and denied generally any indebtedness, and set up in a plea, properly verified, that he never signed or executed the bond, or authorized any one to sign for him. The evidence shows that plaintiff company furnished the beer to Hayes, that he received it under the agreement in which he obligated himself to furnish a bond and sureties, and that the bond was signed by his codefendant sureties, and delivered to plaintiff. We think the history of this case, and the law applicable to the facts, shown in the transcript to be undisputed, fail to disclose sufficient legal merit in any of the defenses relied on by Hayes, for himself, to avoid liability on the contract and bond.

The codefendants adopted Hayes' answer and pleadings, and, for themselves, set up a plea that they were released from all liability on the bond because, subsequently to signing it, a change and alteration prejudicial to them, and without their knowledge or consent, was made by the plaintiff company and Hayes in the terms of the bond. To show the change in the terms of the contract, which the sureties contend was prejudicial to them, they rely on two counter propositions of law, stated in their counsel's brief. The first is that the legal effect of a letter introduced in evidence by the defendants, written by plaintiff company to George Hayes, was to release them entirely from all liability on the bond, which letter was written in German, and a literal translation of it is as follows:

"Mr. Hayes, Gentlemen, Galveston: We see you have a contract for the beer depot, and so cheap. Now, the high rate of freight we have to pay we can't make much out of this beer; in other words, to say we do not get enough for our beer; but now on account of, we just got a cut and the freight is so cheap up to the 3rd of next month, we wish you would get all the beer you can that you need until next month on account of freight—perhaps it will be higher again. We hope that you will do a good business and deal square and fair with us; also, we wish that you would say nothing to anybody about this; how cheap we sell you that beer, on account of it being a high fine for us. You don't need to pay for this beer which you order ahead, as provided for in the contract.          Klaussman Brewing Branch, John Krause."

The second proposition of law is that "plaintiff in error, having continued shipments of beer after discovering Hayes' default, without notifying his sureties of the same, waived the conditions of the guaranty, and the sureties were discharged." In aid of this proposition a number of authorities are cited in the brief. As all the assignments of error filed by the appellant are of and about the legal effect of that letter, we will for the moment defer its consideration, and dispose of the last proposition of law by suggesting that,

whatever may be the weight of the authorities cited to sustain the contention of counsel on that proposition of law, this court is forbidden to consider or pass upon it, because there is no evidence to show that such notification was not made, even if notice should be held essential in the premises. Now, recurring to the letter: When the case was submitted on the evidence, recited fully for the purpose of the bills of exception in the transcript, the circuit court instructed the jury that the said letter was a new contract, and released the sureties on the bond, and directed that they should find for plaintiff against Hayes, and to find for the sureties by reason of the new contract in said letter. Concurring fully, as we do, with the conclusions of the circuit court as to the liability of Hayes in the contract and bond, the only remaining matter is as to the legal effect of the said letter; that is, whether, in law, that letter imports a release of the sureties, in part or entirely, from liability on the bond. All the assignments of errors of appellant, and the bills of exception upon which they are founded, seem to be substantially embodied in the following assignment, that:

"The court erred in refusing to give the second instruction asked by the plaintiff, as follows, viz.: 'If the jury find from the evidence that any beer was ordered under the terms of the letter, that stated that the contract was not to apply to orders in advance under that letter, then the bondsmen would not be liable for the price of the beer so ordered under said letter; but this would not change the liability of the sureties on the bond for other shipments under the contract, up to $2,500, the amount of the bond.'"

The letter is without date, but Hayes' testimony fixes the date about January 20, 1894. It is not denied that there were shipments of beer made about that time. In the last two lines of the letter, "You don't need to pay for this beer which you order ahead, as provided in the contract," the counsel for the codefendants find ample relief for the sureties. They contend that the purport in law of those words is to show an intention on the part of the brewing company to voluntarily release the sureties on the original contract, and to interpose thereafter a new contract between it and Hayes. Giving the fullest legal effect to the words recited from the letter, we think the authorities cited in appellant's brief warrant us in saying that those words, when illustrated by the context of the letter and other evidence in the case, must be limited to a partial, rather than an entire, release of the sureties. At most, they seem to us to import only a generous forbearance of a creditor to a debtor who, having promised to pay cash for all his purchases, has from time to time become delinquent, until the balance due amounts to nearly half of all the debt incurred by him. The guaranty of the sureties was that Hayes should pay promptly in cash for all the beer purchased by him during the year of his agency. This Hayes does not claim to have done. We fail to see how the creditor's forbearance or indulgence prejudiced the sureties. The relief, forbearance, or prolongation of time given to Hayes in the letter referred to the shipments of beer to be made by plaintiff company to him during the time covered by the letter, independently of the terms of the original contract; and such a relief or forbearance

could not be said to have affected or changed the terms of payment provided for in the original contract, nor to have impaired Hayes' ability to pay for the beer shipped under that contract to him before and after the period covered by the letter.   The purpose of the plaintiff company in indefinitely extending the time in which Hayes might pay for the car loads of beer received during the period covered by the letter was to enable him to meet advantageously the increased freight rates which the company knew might be established by the railway lines in the immediate future.   Under that view of the import of the letter, the sureties were benefited, rather than damaged, by the prolongation of the time for Hayes to pay for increased shipments.   It seems reasonable to suggest that Hayes, by selling the large quantities of beer for which he did not have to pay cash, would be in a better financial condition to more readily meet the obligations in which his sureties were interested. In the line of that suggestion, it would follow that Hayes' sureties were benefited, rather than damaged, by the creditor's indulgence.

These views lead to the conclusion that the court below erred in instructing the jury, over the objection of the plaintiff, that the letter in question operated an entire release of the sureties, and in refusing the second request for instructions asked by the plaintiff, as hereinbefore given.   The judgment of the circuit court is reversed, and the cause is remanded, with instructions to award a new trial, and thereafter proceed in accordance with the views expressed in this opinion, and otherwise as law and justice shall require.